

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| JOHN MAWHINNEY,<br><br>       Plaintiff,<br><br>vs.<br><br>JO ANNE B. BARNHART,<br>Commissioner of the Social<br>Security Administration,<br><br>       Defendant. | No. CIV 06-444-TUC-CKJ<br><br>**ORDER** |

On July 30, 2007, Magistrate Judge Jennifer C. Guerin issued a Report and Recommendation [Doc. # 13] in which she recommended that Plaintiff's Motion for Summary Judgment [Doc. # 8] be denied and Defendant's Motion for Summary Judgment [Doc. # 9] be granted. On August 7, 2007, Plaintiff John Mawhinney ("Mawhinney") filed Objections to the Report and Recommendation. Murphy requests the Court to reverse the Commissioner's decision and award benefits. Alternatively, Mawhinney requests this Court to remand this matter for further proceedings. A response to the objections has not been filed.

*Decision of the Administrative Law Judge*

Mawhinney has filed an application for social security benefits. Formerly a pilot and a state senator, Mawhinney asserts that he has suffered from a disability due to vertigo since

1  March 26, 1996.

2  The Administrative Law Judge ("ALJ") found that Mawhinney had not engaged in

3  any substantial gainful activity since his alleged onset date, Mawhinney had severe

4  impairments, and Mawhinney's impairments did not meet or equal the criteria for any

5  impairment found in the Listing of Impairments. The ALJ determined that Mawhinney had

6  a full range of exertional activity except as limited by minor episodes of vertigo on an

7  irregular basis and a need to avoid exposure to operating machinery without a great deal of

8  care. A vocational expert testified before the ALJ that Mawhinney could perform his past

9  relevant work as a state senator given his residual functional capacity. The ALJ relied on the

10  testimony of the vocational expert in concluding that, in the alternative, Mawhinney could

11  make a vocational adjustment to other kinds of work, such as telephone solicitor or

12  dispatcher. The ALJ concluded that, independent of Mawhinney's ability to work as a state

13  senator, Mawhinney was not disabled – Mawhinney is capable of making a successful

14  adjustment to work that exists in significant numbers in the national economy. The ALJ

15  concluded that Mawhinney was not entitled to a period of disability or disability insurance

16  benefits.

17

18  *Standard of Review*

19  The findings of the Commissioner are meant to be conclusive, 42 U.S.C. §§ 405(g),

20  1383(c)(3), and a decision to overturn a denial of benefits is appropriate only if the denial "is

21  not supported by substantial evidence or [if the denial] is based on legal error." *Matney v.*

22  *Sullivan*, 981 F2d 1016, 1019 (9th Cir. 1992), *citations omitted*; *Massachi v. Astrue*, 486 F.3d

23  1149 (9th Cir. 2007). "Substantial evidence is such relevant evidence as a reasonable mind

24  might accept as adequate to support a conclusion." *Parra v. Astrue*, 481 F.3d 742, 746 (9th

25  Cir. 2007). The standard is less than a "preponderance of the evidence" standard. *Matney*,

26  981 F.2d at 1019. Further, a denial of benefits is to be set aside if the Commissioner has

27  failed to apply the proper legal standards in weighing the evidence even though the findings

28

1  may be supported by substantial evidence.  *Frost v. Barnhart*, 314 F.3d 359, 367 (9th Cir.
2  2002).

3

4  *Past Relevant Work*

5          Mawhinney asserts that the ALJ erred in determining that his position as a state
6  senator qualified as past relevant work.  Mawhinney's past work is relevant if it was done
7  within the last 15 years, lasted long enough for Mawhinney to learn how to do it, and was
8  substantial gainful activity.  "Substantial gainful activity means work that – (a) Involves
9  doing significant and productive physical or mental duties; and (b) Is done (or intended) for
10  pay or profit."  20 C.F.R.§ 416.910.

11          Mawhinney asserts that where there is no intent to engage in the substantial activity
12  for pay or profit, the employment cannot be gainful.  However, the regulation states:

13          Gainful work activity is work activity that you do for pay or profit.  Work activity is
         gainful if it is the kind of work usually done for pay or profit, whether or not a profit
14         is realized.

15  20 C.F.R. § 416.975(b).  Mawhinney asserts that he acted as a state senator out of altruism
16  and a desire to serve the community.  Indeed, Mawhinney asserts that the Commissioner
17  would not have included a subjective element in the regulation if it was not intended.
18  However, the regulation must be read in context.  *See Student Loan Fund of Idaho, Inc. v.*
19  *U.S. Dept. of Education*, 272 F.3d 1155 (9th Cir. 2001).  Mawhinney's subjective intent,
20  therefore, is not the focus of the inquiry.  The regulation clearly states that activity is gainful
21  if it is *usually* done for profit.  Indeed, a claimant may be engaging in substantial gainful
22  activity without earning any income.  *See Dotson v. Shalala*, 1 F.3d 571 (7th Cir. 1993);
23  *Callaghan v. Shalala*, 992 F.2d 692 (7th Cir. 1993).  "That [Mawhinney did not] intend to
24  realize a profit is immaterial because he [performed] activities that are normally done for
25  profit."  *Keyes v. Sullivan*, 984 F.2d 1053, 1056 (9th Cir. 1990)

26          Mawhinney further asserts that holding an elected office is not employment.
27  However, the C.F.R. relied upon by Mawhinney specifically recognizes that a public office

28                                                      - 3 -

holder is considered an employee of the political subdivision.  *See* 20 C.F.R. § 404.1073(a).

Mawhinney claims that every elected official is performing service to the community for a

stipend at the whim of the electorate.  Mawhinney's assertion is specious.  Mawhinney

received income from the State of Arizona for over ten years.  Other elected officials may

spend their entire career in one elected position – e.g., should a person who was repeatedly

elected as a judge or sheriff for forty years never be considered as having been employed,

never having received income, and never having engaged in gainful activity?  The Court

finds that the ALJ did not err in concluding that Mawhinney's service as a state senator

qualifies as past relevant work.

*Capability of Performing Past Relevant Work*

Mawhinney also asserts that he cannot perform his past relevant work because he

cannot perform the rigors of campaigning.  However, the ALJ's analysis is not based on a

determination that Mawhinney will (or could) return to a particular job.   Whether

Mawhinney could get that particular job, i.e., engage in the substantial gainful work, is not

relevant.  20 C.F.R. § 404.1566; 42 U.S.C. § 423(d)(2).  Rather, the inquiry is whether

Mawhinney is capable of doing work of a type that he knows how to do.  Mawhinney asserts,

however, that the need to campaign is part and parcel of service in an elected office.

However, in a different context, it has been recognized that holding an office and

campaigning for that office are two separate jobs.  *See Diggs v. Commissioner of Internal*

*Revenue*, 76 T.C. 888 (1982), *reversed in part on other grounds*, *citing McDonald v.*

*Commissioner of Internal Revenue*, 323 U.S. 57, 60, 65 S.Ct. 96, 89 L.Ed.2d 68 (1944).

Moreover, because there is no guarantee that a campaign for public office will be successful,

it cannot be said that the campaigning is part of the job.

Mawhinney urges the Court, however, to accept the reasoning in the Report and

Recommendation issued in the prior related case, and its determination that service as a state

senator could not constitute past relevant work under these facts on remand.  However, as

outlined by the Magistrate Judge, the prior hearing did not involve testimony from a vocational expert about Mawhinney's prior employment as a state senator.  Report and Recommendation, p. 2, ll. 20-28.  This Court cannot say that the Commissioner failed to apply the proper legal standards.  *Frost v. Barnhart*, 314 F.3d at 367.  The analysis in a prior proceeding does not warrant a finding of legal error.

Accordingly, after an independent review, IT IS ORDERED:

1.      The Report and Recommendation [Doc. # 13] is ADOPTED;

2.      Plaintiff's Motion for Summary Judgment [Doc. # 8] is DENIED;

3.      Defendant's Motion for Summary Judgment [Doc. # 9] is GRANTED;

4.      The decision of the ALJ is AFFIRMED;

5.      Judgment is awarded in favor of Defendant and against Plaintiff, and;

6.      The Clerk of the Court shall enter judgment in this case and shall then close its file in this matter.

DATED this 12th day of September, 2007.

_____
Cindy K. Jorgenson
United States District Judge